IN THE CIRCUIT COURT OF TAYLOR COUNTY, WEST VIRGINIA

LYNSEY MUMAW,
individually and as the mother
of N. G. M. an infant,
and SAMANTHA K. WEST,
Plaintiffs,

vs.  CIVIL ACTION NO. 13-C-__11__

JOHN CASEY JONES, individually and
as Chief of the Grafton Fire Department,
the GRAFTON FIRE DEPARTMENT, and
the CITY OF GRAFTON,
Defendants.

RECEIVED
GRAFTON
FEB 22 2013
CITY CLERK

CIRCUIT COURT
TAYLOR COUNTY
FILED
FEB 20 2013
VONDA M. RENEMAN
CLERK

## COMPLAINT

### A. GENERAL

1. The City of Grafton is a municipal corporation in West Virginia.

2. The Grafton Fire Department is an entity within the City of Grafton and includes the Grafton Fire Department and the Grafton Volunteer Fire Department with the fire department including civil service employees and part time paid employees and the volunteer fire department including volunteers who perform various activities of the community and. the Grafton Fire Department.

3. John Casey Jones has been the Fire Chief for the City of Grafton since approximately May 4 or 5, 2010, and his actions herein described were done in the course of his employment with the Grafton Fire Department and the Grafton Volunteer Fire Department and made the non human defendants liable to plaintiffs under the doctrine of respondeat superior.

4. Lynsey Mumaw, individually and as the mother of N. G. M. , an infant, is the spouse of Shane Mumaw, who is a civil service employee of the Grafton Fire Department, and was

EXHIBIT 1

formerly a member of the Grafton Volunteer Fire Department.

5. N.G.M. was born , 2004.

6. Samantha K. West is the daughter of Lynsey Mumaw born October 7, 1994, was a member of the junior volunteer fire department for the Grafton Volunteer Fire Department.

7. In May of 2010 after being named Fire Chief for the City of Grafton John Casey Jones offered to let Lynsey Mumaw ride with him on fire department calls.

8. In August of 2010 John Casey Jones came to the residence of the plaintiffs and assisted with getting a computer program to work that was for the benefit of the Grafton Fire Department and the Grafton Volunteer Fire Department.

9. On the second Monday of September of 2010, John Casey Jones said at a volunteer monthly meeting that he was the fucking boss and the members better get used to it and from then on he was to be known as the Fucking Boss of the Fire Department, and generally referred to himself as FB of the FD (Fire Fucking Boss of the Fire Department).

10. Around the middle of October of 2010 Samantha K. West was hospitalized at Ruby Memorial Hospital; Fire Chief John Casey Jones came to visit Samantha K. West and before leaving gave all the plaintiffs' family members a hug; Fire Chief John Casey Jones thereafter texted about her condition, and called about her condition; and plaintiffs all believed Fire Chief John Casey Jones was sincere and cared about their lives in a wholesome way.

11. In November of 2010 John Casey Jones assisted putting up drywall in the residence of the plaintiffs.

12. In November of 2010 Casey Jones insisted on Lynsey Mumaw riding with him on all calls (although she preferred riding in other vehicles), but he would remind her that he was the FB.

13. In December of 2010 at the Christmas parade, Fire Chief John Casey Jones requested

a hug from Lynsey Mumaw and this progressed over time to frequently occurring and Lynsey Mumaw did not think anything was wrong with it, but he commented that he liked to feel her breasts against him and she commenced finding ways of avoiding Fire Chief John Casey Jones. Numerous times his comments were in the presence of Shane Mumaw and others and continued to June of 2012.

14. Additionally beginning in the first quarter of 2011, if Lynsey Mumaw indicated she needed to leave to use the restroom, while Fire Chief John Casey Jones was around, he would ask if she needed help; if Fire Chief John Casey Jones had to go to the restroom and Lynsey Mumaw was present, he would ask if she wanted to help him. His crudeness became progressively worse about bathroom visits, including comments about help changing her clothes, when she had to change to dress blues. Numerous times his comments were in the presence of Shane Mumaw and others and continued to June of 2012.

15. On or about the 8th day of March, 2011, Fire Chief John Casey Jones told Shane Mumaw and Lynsey Mumaw inside the Grafton Fire Department that Shane Mumaw would get to be a lieutenant quicker by stating: "If your wife would just give it up to me, you may be lieutenant quicker". Fire Chief John Casey Jones apologized to Shane Mumaw in a closed door meeting after he found it caused a fight between Shane Mumaw and Lynsey Mumaw about his comments about making lieutenant.. Fire Chief Casey Jones told Lynsey Mumaw he was (upset) with her about getting him into trouble and "thanks" as City Manager, Kevin Stead, jumped him and was demanding to know what the issue was about her fight with Shane Mumaw and that he apologized to Shane Mumaw.

16. In January of 2012, Lynsey Mumaw decided she wanted to get baptized; she talked to her preacher, Sue Lowther, who is the wife of Dan Lowther, about it; she picked the date of February

8, 2012, as a three year anniversary for her being paralyzed from her belly button down to her toes, which required emergency back surgery; she announced her decision to a lot of people and her two daughters decided to do the same; John Casey Jones said that her baptism was the worst thing that she could do to him because now he could not have sex with her or harass her and then he said, " girls like you, don't deserve to be baptized because then people like me can't get in their pants"; Lynsey Mumaw said, "this is exactly one of the reasons why I am doing it so you will leave me alone;" she again talked to Sue Lowther, about that she was being looked at with scrutinizing eyes about her plans for being baptized, because she smoked, used profanities, and went out and had a drink occasionally; two days after she got baptized, she was showing him a list of websites for new tee shirts for the junior fire department and he put his hand down near her thigh; she smacked him in the back of the head and went and sat down at the desk rather than stand and show him.

17. On or about the 22nd day of February, 2012, after learning that Lynsey Mumaw and Shane Mumaw went to dinner with Nicole Heflin and had some drinks, Fire Chief John Casey Jones said that Lynsey Mumaw was going to hell. When Lynsey Mumaw asked Fire Chief John Casey Jones why he stated such, he replied that she was being like Satan's girls by drinking after being baptized; when Lynsey Mumaw got angry and started to leave, Fire Chief John Casey Jones said, "If you leave, remember who the fucking boss is and what I can do"; Lynsey Mumaw just went to the fire bay at the Grafton Fire Department.

18. On or about the 22nd day of February, 2012, Shane Mumaw and Lynsey Mumaw went out and had a couple of drinks; Fire Chief John Casey Jones said she was a bad girl and a bad girl in other ways; this was in front of others hearing it; this was at 107 Rescue Truck in front of the city fire department.

19. In approximately March of 2012, Barbie Jones and Casey Jones were sitting on a couch;

Shane and Lindsay were sitting on another couch; Davey Jones was sitting in a chair; James Haller was sitting by the radio room wall; they were all talking; Lynsey Mumaw suggested to Barbie Jones that she become a member of the Grafton Volunteer Fire Department since she was there all the time; Barbie Jones indicated that "I like to be sexually harassed by the Fire Chief; if I become a member, I cannot be sexually harassed"; Lynsey Mumaw said well have at it.

20. In approximately April of 2012 Lynsey Mumaw was sitting in front of the desk of Fire Chief John Casey Jones working on Memorial Day activities; Fire Chief John Casey Jones said, "Always remember who signs your husband's paycheck"; Lynsey laughed and said, "It was Larry Richman"; Casey Jones said, "Don't be so sure, I'm the fucking boss".

21. Fire Chief John Casey Jones grabbed Lynsey Mumaw by the hair of her head and started bobbing her head up and down towards his genitals, as in a simulated act of fellatio, on or about the 26th day of April, 2012, at approximately 6 PM; this was in the presence of N. G. M., Samantha K. West, and others.

22. Lynsey Mumaw became very emotional about Fire Chief John Casey Jones grabbing her by the hair and bobbing her head up and down, as if in an act of fellatio, on or about the 26th day of April, 2012.

23. Lynsey Mumaw on June 12, 2012, Fire Chief John Casey Jones dismissed Lynsey Mumaw from the Grafton Volunteer Fire Department.

24. Samantha K. West turned 18 on Sunday, October 7, 2012; approximately two weeks before that she obtained her operator's license to operate a motor vehicle; she was excited about her accomplishment and decided to tell Fire Chief John Casey Jones about it; she said to him words to the effect of 'guess what I got today'; he said he did not know; she told him she got her license; he said he thought she got something else again (Samantha K. West felt with the type of smile that Fire

Chief John Casey Jones gave her that he was making a remark that was likely to be of a sexual nature); Samantha K. West knows to stay away from Casey.

25. On November 27, 2012, Lynsey Mumaw was sitting in the day room of the Grafton Fire Department and Fire Chief John Casey Jones walked in and said, "Dan, go start them trucks because I'd rather smell the diesel fuel, than the (feces) smell in this room", walked to his office, brought Shane Mumaw's check, which was shorted 24 hours, and Fire Chief John Casey Jones started singing, "Because I am the FB."

### B. SEXUAL HARASSMENT

26. Plaintiffs incorporate paragraphs 1-25 herein by reference as if fully set forth herein.

27. Fire Chief John Casey Jones at all times herein was a City of Grafton employee and acting within the scope of his duties.

28. Fire Chief John Casey Jones was normally the supervisor of Shane Mumaw, who was the primary bread winner for the plaintiffs, Lynsey Mumaw, and Samantha K. West, as well as others, and who knew or should have known about the offending conduct, yet failed to take swift and effective measures reasonably calculated to end the conduct incorporated herein from paragraphs 1-25.

29. The conduct of Fire Chief John Casey Jones incorporated herein by paragraphs 1-25 was unwelcome by plaintiffs.

30. The conduct incorporated herein from paragraphs 1-25 was based on the sex of Lynsey Mumaw.

31. The conduct incorporated herein from paragraphs 1-25 was sufficiently severe or pervasive to alter conditions of employment and create an abusive work environment.

32. The conduct incorporated in all these pleadings was imputable to the City of Grafton and

the Grafton Fire Department through respondeat superior.

33. As a direct and proximate result of the sexual harassment of Lynsey Mumaw by Fire Chief John Casey Jones, Lynsey Mumaw has suffered the following damages:

   a. she suffered much physical and/or mental suffering (past, present, and future);

   b. she suffered much humiliation, great indignities and much embarrassment;

   c. she have been inconvenienced (past, present, and future); and

   d. she were otherwise injured.

34. As a direct and proximate result of the sexual harassment of Lynsey Mumaw by Fire Chief John Casey Jones, Samantha K. West and N.G.M. have suffered the following damages:

   a. they suffered much physical and/or mental suffering (past, present, and future);

   b. they suffered much humiliation, great indignities and much embarrassment;

   c. they have been inconvenienced (past, present, and future); and

   d. they were otherwise injured.

35. Samantha K. West and N.G.M. are children of Lynsey Mumaw and Shane Mumaw, who resided with Lynsey Mumaw at the time of the incidents alleged herein.

36. As a direct and proximate result of the sexual harassment of Lynsey Mumaw by Fire Chief John Casey Jones, Samantha K. West and N.G.M. have been injured in that their mother's injuries have been such and will probably be such that they have been (and will probably be in the future) be deprived of their mother's companionship, society, advice, comfort, and consortium, and he has been otherwise injured.

WHEREFORE, plaintiffs pray for an injunction against the City of Grafton and the Grafton Fire Department to develop a required satisfactory educational course for all its present and future

employees that will clearly and brightly define what sexual harassment is, what the consequences are of such to the harasser(s) and to the employer of the harasser(s), what the consequences are to the harassee(s) with mandatory testing of the employees to ascertain comprehension, continuing education for all its employees that will clearly and brightly define what sexual harassment is, what the consequences are of such to the harasser(s) and to the employer of the harasser(s), what the consequences are to the harassee(s) with mandatory testing of the employees to ascertain comprehension, and reported periodic monitoring of such to ensure compliance, and repetition of the policy during employee evaluations and to adequately punish Fire Chief John Casey Jones for his reprehensible conduct, including termination, judgment against one or the other or all the defendants for a fair and reasonable amount of compensatory damages, judgment against one or the other or all the defendants for a fair and reasonable amount of compensatory damages, judgment against one or the other or all the defendants for a fair and reasonable amount of punitive damages, except to those such is not permitted to be collected against, prejudgment and post judgment interest, lawyer fees and expenses, court costs, and an accurate reflection of the events in Lynsey Mumaw personnel file or the removal of any negative remarks in her personnel file. Plaintiffs demand a trial by jury.

### C. MENTAL OR EMOTIONAL INJURY

37. Plaintiffs incorporate paragraphs 1-36 herein by reference as if fully set forth herein.

38. Plaintiffs sustained mental or emotional injury from Fire Chief John Casey Jones, who was an employee of the City of Grafton and the Grafton Fire Department acting within the scope of his duties, which occurred as a result of continuous and intentional harassment and humiliation during interactions with plaintiffs which extended over a period of time.

39. Plaintiffs have suffered irreparable harm by the continuous and intentional harassment

and humiliation does not cease.

40. As a direct and proximate result of the continuous and intentional harassment and humiliation of Lynsey Mumaw by Fire Chief John Casey Jones, Lynsey Mumaw has suffered the following damages:

    a. she suffered much physical and/or mental suffering (past, present, and future);

    b. she suffered much humiliation, great indignities and much embarrassment;

    c. she have been inconvenienced (past, present, and future); and

    d. she were otherwise injured.

41. As a direct and proximate result of the continuous and intentional harassment and humiliation, Samantha K. West and N.G.M. have suffered the following damages:

    a. they suffered much physical and/or mental suffering (past, present, and future);

    b. they suffered much humiliation, great indignities and much embarrassment;

    c. they have been inconvenienced (past, present, and future); and

    d. they were otherwise injured.

42. As a direct and proximate result of the continuous and intentional harassment and humiliation, Samantha K. West and N.G.M. have been injured in that their mother's injuries have been such and will probably be such that they have been (and will probably be in the future) be deprived of their mother's companionship, society, advice, comfort, and consortium, and he has been otherwise injured.

WHEREFORE, plaintiffs pray for an injunction against the City of Grafton and the Grafton Fire Department to develop a required satisfactory educational course for all its present and future employees that will clearly and brightly define what sexual harassment is, what the consequences are of such to the harasser(s) and to the employer of the harasser(s), what the consequences are to

the harassee(s) with mandatory testing of the employees to ascertain comprehension, continuing education for all its employees that will clearly and brightly define what sexual harassment is, what the consequences are of such to the harasser(s) and to the employer of the harasser(s), what the consequences are to the harassee(s) with mandatory testing of the employees to ascertain comprehension, and reported periodic monitoring of such to ensure compliance, and repetition of the policy during employee evaluations and to adequately punish Fire Chief John Casey Jones for his reprehensible conduct, including termination, judgment against one or the other or all the defendants for a fair and reasonable amount of compensatory damages, judgment against one or the other or all the defendants for a fair and reasonable amount of compensatory damages, judgment against one or the other or all the defendants for a fair and reasonable amount of punitive damages, except to those such is not permitted to be collected against, prejudgment and post judgment interest, lawyer fees and expenses, court costs, and an accurate reflection of the events in Lynsey Mumaw personnel file or the removal of any negative remarks in her personnel file. Plaintiffs demand a trial by jury.

### D. INTENTIONAL OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiffs incorporate paragraphs 1-42 herein by reference as if fully set forth herein.

44. The conduct of Casey Jones was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

45. Casey Jones acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct.

46. The actions of Casey Jones caused the plaintiffs to suffer emotional distress.

47. The emotional distress suffered by the plaintiffs was so severe that no reasonable person could be expected to endure it.

48. The City of Grafton is the supervisor of Fire Chief John Casey Jones, whose actions were within the scope of his employment, caused, contributed to, or acquiesced in the intentional or reckless infliction of emotional distress upon the plaintiffs.

49. As a direct and proximate result of the intentional or reckless infliction of emotional distress on Lynsey Mumaw by Fire Chief John Casey Jones, Lynsey Mumaw has suffered the following damages:

    a. she suffered much physical and/or mental suffering (past, present, and future);

    b. she suffered much humiliation, great indignities and much embarrassment;

    c. she have been inconvenienced (past, present, and future); and

    d. she were otherwise injured.

50. As a direct and proximate result of the intentional or reckless infliction of emotional distress on Lynsey Mumaw by Fire Chief John Casey Jones, Samantha K. West and N.G.M. have suffered the following damages:

    a. they suffered much physical and/or mental suffering (past, present, and future);

    b. they suffered much humiliation, great indignities and much embarrassment;

    c. they have been inconvenienced (past, present, and future); and

    d. they were otherwise injured.

51. As a direct and proximate result of the intentional or reckless infliction of emotional distress on Lynsey Mumaw by Fire Chief John Casey Jones, Samantha K. West and N.G.M. have been injured in that their mother's injuries have been such and will probably be such that they have been (and will probably be in the future) be deprived of their mother's companionship, society, advice, comfort, and consortium, and he has been otherwise injured.

WHEREFORE, plaintiffs pray for an injunction against the City of Grafton and the Grafton

Fire Department to develop a required satisfactory educational course for all its present and future employees that will clearly and brightly define what sexual harassment is, what the consequences are of such to the harasser(s) and to the employer of the harasser(s), what the consequences are to the harassee(s) with mandatory testing of the employees to ascertain comprehension, continuing education for all its employees that will clearly and brightly define what sexual harassment is, what the consequences are of such to the harasser(s) and to the employer of the harasser(s), what the consequences are to the harassee(s) with mandatory testing of the employees to ascertain comprehension, and reported periodic monitoring of such to ensure compliance, and repetition of the policy during employee evaluations and to adequately punish Fire Chief John Casey Jones for his reprehensible conduct, including termination, judgment against one or the other or all the defendants for a fair and reasonable amount of compensatory damages, judgment against one or the other or all the defendants for a fair and reasonable amount of compensatory damages, judgment against one or the other or all the defendants for a fair and reasonable amount of punitive damages, except to those such is not permitted to be collected against, prejudgment and post judgment interest, lawyer fees and expenses, court costs, and an accurate reflection of the events in Lynsey Mumaw personnel file or the removal of any negative remarks in her personnel file. Plaintiffs demand a trial by jury.

### E. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiffs incorporate paragraphs 1-51 herein by reference as if fully set forth herein.

53. Plaintiffs' serious emotional distress was reasonably foreseeable to one or the other or all of the defendants and occurred in the presence of each of the plaintiffs.

54. One or the other or all of the defendant's(s') negligent conduct caused plaintiffs to suffer serious emotional distress as a direct result of experiencing the conduct described herein.

55. As a direct and proximate result of the negligent infliction of emotional distress on plaintiffs by Fire Chief John Casey Jones, plaintiffs have suffered the following damages:

    a. they suffered much physical and/or mental suffering (past, present, and future);

    b. they suffered much humiliation, great indignities and much embarrassment;

    c. they have been inconvenienced (past, present, and future); and

    d. they were otherwise injured.

WHEREFORE, plaintiffs pray for an injunction against the City of Grafton and the Grafton Fire Department to develop a required satisfactory educational course for all its present and future employees that will clearly and brightly define what sexual harassment is, what the consequences are of such to the harasser(s) and to the employer of the harasser(s), what the consequences are to the harassee(s) with mandatory testing of the employees to ascertain comprehension, continuing education for all its employees that will clearly and brightly define what sexual harassment is, what the consequences are of such to the harasser(s) and to the employer of the harasser(s), what the consequences are to the harassee(s) with mandatory testing of the employees to ascertain comprehension, and reported periodic monitoring of such to ensure compliance, and repetition of the policy during employee evaluations and to adequately punish Fire Chief John Casey Jones for his reprehensible conduct, including termination, judgment against one or the other or all the defendants for a fair and reasonable amount of compensatory damages, judgment against one or the other or all the defendants for a fair and reasonable amount of compensatory damages, judgment against one or the other or all the defendants for a fair and reasonable amount of punitive damages, except to those such is not permitted to be collected against, prejudgment and post judgment interest, lawyer fees and expenses, court costs, and an accurate reflection of the events in Lynsey Mumaw personnel file or the removal of any negative remarks in her personnel file. Plaintiffs demand a trial

by jury.

## F. NEGLIGENT FAILURE TO INVESTIGATE

56. Plaintiffs incorporate paragraphs 1-55 herein by reference as if fully set forth herein.

57. The City of Grafton and Grafton Fire Department failed to fully investigate the actions of Fire Chief John Casey Jones towards one or the other of the plaintiffs concerning the conduct described in paragraphs 1-25 herein and/or the City of Grafton and Grafton Fire Department knew or had reason to know the facts concerning conduct described in paragraphs 1-25 herein, which breached a duty the City of Grafton and Grafton Fire Department had towards plaintiffs in attempting to resolve their complaints and/or the conduct of Fire Chief John Casey Jones.

58. As a direct and proximate result of the failure to fully investigate the actions of Fire Chief John Casey Jones towards one or the other of the plaintiffs, Lynsey Mumaw has suffered the following damages:

    a. she suffered much physical and/or mental suffering (past, present, and future);

    b. she suffered much humiliation, great indignities and much embarrassment;

    c. she have been inconvenienced (past, present, and future); and

    d. she were otherwise injured.

59. As a direct and proximate result of the failure to fully investigate the actions of Fire Chief John Casey Jones towards one or the other of the plaintiffs, Samantha K. West and N.G.M. have suffered the following damages:

    a. they suffered much physical and/or mental suffering (past, present, and future);

    b. they suffered much humiliation, great indignities and much embarrassment;

    c. they have been inconvenienced (past, present, and future); and

    d. they were otherwise injured.

60. As a direct and proximate result of the failure to fully investigate the actions of Fire Chief John Casey Jones towards one or the other of the plaintiffs, Samantha K. West and N.G.M. have been injured in that their mother's injuries have been such and will probably be such that they have been (and will probably be in the future) be deprived of their mother's companionship, society, advice, comfort, and consortium, and he has been otherwise injured.

WHEREFORE, plaintiffs demand judgment against one or the other or all of the defendants for a fair and reasonable amount of compensatory damages, a judgment against one or the other or all of the defendants for a fair and reasonable amount of punitive damages, if such is permitted to be collected against one or the other or all of the defendants, prejudgment and post judgment interest, lawyer fees and expenses, court costs, and an accurate reflection of the events in Lynsey Mumaw's personnel file or the removal of any negative remarks in her personnel file. Plaintiffs demand a trial by jury.

## H. RELIGIOUS HARASSMENT

61. Plaintiffs incorporate paragraphs 1-60 herein by reference as if fully set forth herein.

62. Lynsey Mumaw was being harassed by Fire Chief John Casey Jones during the course of his duties with the City of Grafton and/or the Grafton Fire Department for her religious beliefs, practices, and/or convictions.

63. As a direct and proximate result of the religious harassment of Lynsey Mumaw by Fire Chief John Casey Jones, Lynsey Mumaw suffered the following damages:

    a. she suffered much physical and/or mental suffering (past, present, and future);

    b. she suffered much humiliation, great indignities and much embarrassment;

    c. she have been inconvenienced (past, present, and future); and

    d. she were otherwise injured.

64. As a direct and proximate result of the religious harassment of Lynsey Mumaw by Fire Chief John Casey Jones, Samantha K. West and N.G.M. have been injured in that their mother's injuries have been such and will probably be such that they have been (and will probably be in the future) be deprived of their mother's companionship, society, advice, comfort, and consortium, and he has been otherwise injured.

WHEREFORE, plaintiffs demand judgment against one or the other or all of the defendants for a fair and reasonable amount of compensatory damages, a judgment against one or the other or all of the defendants for a fair and reasonable amount of punitive damages, if such is permitted to be collected against one or the other or all of the defendants, prejudgment and post judgment interest, lawyer fees and expenses, court costs, and an accurate reflection of the events in Lynsey Mumaw's personnel file or the removal of any negative remarks in her personnel file. Plaintiffs demand a trial by jury.

## I. BATTERY

65. Plaintiffs incorporate paragraphs 1-64 herein by reference as if fully set forth herein.

66. On or about the 26th day of April, 2012, Fire Chief John Casey Jones battered Lynsey Mumaw without her consent.

67. As a direct and proximate result of the battery of Lynsey Mumaw by Fire Chief John Casey Jones, Lynsey Mumaw has suffered the following damages:

    a. she suffered much physical and/or mental suffering (past, present, and future);

    b. she suffered much humiliation, great indignities and much embarrassment;

    c. she have been inconvenienced (past, present, and future); and

    d. she were otherwise injured.

68. As a direct and proximate result of the battery of Lynsey Mumaw by Fire Chief John

Casey Jones, Samantha K. West and N.G.M. have been injured in that their mother's injuries have been such and will probably be such that they have been (and will probably be in the future) be deprived of their mother's companionship, society, advice, comfort, and consortium, and he has been otherwise injured.

WHEREFORE, plaintiffs demand judgment against one or the other or all of the defendants for a fair and reasonable amount of compensatory damages, a judgment against one or the other or all of the defendants for a fair and reasonable amount of punitive damages, if such is permitted to be collected against one or the other or all of the defendants, prejudgment and post judgment interest, lawyer fees and expenses, court costs, and an accurate reflection of the events in Lynsey Mumaw's personnel file or the removal of any negative remarks in her personnel file. Plaintiffs demand a trial by jury.

### J. HOSTILE ENVIRONMENT SEXUAL HARASSMENT

69. Plaintiffs incorporate paragraphs 1-68 herein by reference as if fully set forth herein.

70. The work environment of Lynsey Mumaw at the Grafton Volunteer Fire Department consisted of unwelcome sexual advances and other verbal or physical conduct of a sexual nature by Fire Chief John Casey Jones under the control of the City of Grafton in the course of performing duties for the City of Grafton or the Grafton Fire Department.

71. The offending conduct described in paragraphs 1-70 herein has the purpose or effect of unreasonably interfering with an individual's work performance or creates an intimidating, hostile, or offensive working environment.

72. The conduct incorporated herein from paragraphs 1-71 was imputable to the City of Grafton or the Grafton Fire Department.

73. The unwelcomed conduct of a sexual nature towards Lynsey Mumaw by Fire Chief John

Casey Jones of City of Grafton or the Grafton Fire Department or under the control of the City of Grafton or the Grafton Fire Department in the course of performing duties for the Grafton Volunteer Fire Department, who was a supervisor of the City of Grafton over the Grafton Volunteer Fire Department was done in the course of performing duties for the City of Grafton.

74. Defendants are liable to Lynsey Mumaw for the conduct incorporated herein from paragraphs 1-73 through respondeat superior.

75. Defendants knew or should have known about the offending conduct, yet failed to take swift and effective measures reasonably calculated to end the conduct incorporated herein from paragraphs 1-74.

76. Defendants breached their duty to ensure that its workplaces were free of sexual harassment of Lynsey Mumaw.

77. The sexual harassment of Lynsey Mumaw included Fire Chief John Casey Jones, who was management personnel for the City of Grafton, because he had knowledge of the conduct incorporated herein from paragraphs 1-75 and had reason to know of the conduct incorporated herein from paragraphs 1-75, he failed to effectively remedy it, and there was an inadequate response.

78. Lynsey Mumaw suffered irreparable harm from the hostile environment at the Grafton Volunteer Fire Department.

WHEREFORE, Lynsey Mumaw prays for an injunction against defendants, to develop a required satisfactory educational course for all its present and future employees that will clearly and brightly define what a hostile environment sexual harassment is, what the consequences are of such to the perpetrators and to the employer of the perpetrators, what the consequences are to the victim(s) with mandatory testing of the employees to ascertain comprehension, continuing education for all its employees that will clearly and brightly define what a hostile environment sexual harassment is,

what the consequences are of such to the perpetrators and to the employer of the perpetrators, what the consequences are to the victim(s) with mandatory testing of the employees to ascertain comprehension, and reported periodic monitoring of such to ensure compliance, and repetition of the policy during employee evaluations, judgment against one or the other or all the defendants for a fair and reasonable amount of compensatory damages, judgment against one or the other or all the defendants for a fair and reasonable amount of punitive damages, except to those such is not permitted to be collected against, prejudgment and post judgment interest, lawyer fees and expenses, court costs, and an accurate reflection of the events in her personnel file or the removal of any negative remarks in her personnel file. Plaintiffs demand a trial by jury.

                                                      Lynsey Mumaw, individually and as the
                                                     mother of N. G. M., an infant,
                                                     and Samantha K. West
                                                     By Counsel


_____
LaVerne Sweeney
Counsel for Plaintiffs
215 West Main Street
Grafton, West Virginia 26354
(304) 265-0948
(304) 265-1387 FAX
WV BAR # 3671

## VERIFICATION

STATE OF WEST VIRGINIA,
COUNTY OF TAYLOR, to-wit:

Lynsey Mumaw and Samantha K. West, after being duly sworn, upon their oaths state that the facts and allegations contained in the complaint are true and correct to the best of their knowledge and belief, except to the extent that they are therein stated to be upon information and belief and to the extent that they are therein stated to be upon information and belief, they believe the same to be true.

*Lynsey Mumaw*
Lynsey Mumaw

*Samantha West*
Samantha K. West

Taken, subscribed and sworn to before me this 19th day of February, 2013, by Lynsey Mumaw and Samantha K. West.

_____
Notary Public

My commission expires: 022922
wpr-869715a-360

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
LaVerne Sweeney
215 WEST MAIN STREET
GRAFTON, WV 26354
My commission expires February 25, 2022